**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC  20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| 1111 Constitution Avenue, NW | ) | |
| Washington, DC 20224, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Internal Revenue Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 20, 2013, Plaintiff sent three FOIA requests to Defendant seeking access to public records about Defendant's processing of applications for tax exempt status under Section 501(c)(4) of the Internal Revenue Code.

6. On May 22, 2013, Plaintiff sent a fourth FOIA request to Defendant seeking access to additional public records about Defendant's processing of applications for tax exempt status under Section 501(c)(4) of the Internal Revenue Code.

7. By letters dated June 25, 2013, Defendant acknowledged receiving Plaintiff's first three requests on May 28, 2013 and assigned the requests numbers F13149-0095, F13149-0100, and F13149-0102.

8. By letter dated June 26, 2013, Defendant acknowledged receiving Plaintiff's fourth request on June 5, 2013 and assigned the request number F13156-0078.

9. The request assigned number F13149-0095 sought access to the following specific public records:

> Any and all records concerning, regarding, or related to the number of applications received from organizations seeking tax exempt status under 501(c)(4).

The time frame of the request was identified as being "January 1, 2010 to the present."

10. The request assigned number F13149-0100 sought access to the following specific public records:

    (i) Any and all records concerning, regarding, or related to communication between the IRS and members of the U.S. House of Representatives or the U.S. Senate regarding the review process for organizations applying for tax exempt status under 501(c)(4);

    (ii) Any and all records concerning, regarding, or related to communication between the IRS and any other government agency regarding the review process for organizations applying for tax exempt status under 501(c)(4);

    (iii) Any and all records concerning, regarding, or related to communication between the IRS and any office of the Executive Branch regarding the review process for organizations applying for tax exempt status under 501(c)(4).

The timeframe of the request was identified as being "January 1, 2010 to the present."

11. The request assigned number F13149-0102 sought access to the following specific public records:

    (i) Any and all records concerning, regarding, or related to the preparation of questionnaires sent to organizations applying for 501(c)(4) tax exempt status;

    (ii) Copies of any questionnaires sent to organizations applying for 501(c)(4) tax exempt status.

The timeframe of the request was identified as being "January 1, 2010 to the present."

12. The request assigned number F13156-0078 sought access to the following specific public records:

    (i) Any and all records concerning, regarding, or related to Lois Lerner's communication with other IRS employees regarding the review and approval process for 501(c)(4) applicant organizations;

  (ii) Any and all communications concerning, regarding, or related to Lois Lerner's communications with any government or private entity outside the IRS regarding the review and approval process for 501(c)(4) applicant organizations.

The timeframe of the request was identified as being "January 1, 2010 to the present."

  13. With respect to request numbers F13149-0095, F13149-0100, and F13149-0102, Defendant's June 25, 2013 letters advised Plaintiff that Defendant had "extended the statutory response date to July 10, 2013, after which you can file suit."  Defendant's June 25, 2013 letters also advised Plaintiff that, "[u]nfortunately, we will still be unable to locate and consider release of the requested records by July 10, 2013," and, as a result, "[w]e have extended the response date to August 9, 2013 when we believe we can provide a final response."  By letters dated August 9, 2013, Defendant further advised Plaintiff that it was "still working on your request and need additional time to collect, process and review such responsive documents" and that it would "contact you by September 20, 2013" if it was "still unable to complete your request."

  14. With respect to request number F13156-0078, Defendant's June 26, 2013 letter advised Plaintiff that Defendant had "extended the statutory response date to July 18, 2013, after which you can file suit."  Defendant's June 26, 2013 letter also advised Plaintiff that, "[u]nfortunately, we will still be unable to locate and consider release of the requested records by July 18, 2013," and, as a result, "[w]e have extended the response date to August 16, 2013, when we believe we can provide a final response."  By letter dated August 14, 2013, Defendant further advised Plaintiff that it was "still working on your request and need additional time to collect, process and review such responsive documents" and that it would "contact you by September 27, 2013" if it was "still unable to complete your request."

15. Plaintiff has received no further communications from Defendant concerning the status of Defendant's response to Plaintiff's request.

16. As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's requests, notify Plaintiff of any determination, or notify Plaintiff of his right to appeal any adverse determination to the head of the agency.   Nor has Defendant produced any records responsive to the requests, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

17. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

18. Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

20. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   October 9, 2013

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*