IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.                )<br>                                                           )<br>             *Plaintiff*,                        )<br>                                                           )<br>v.                                                      )<br>                                                           )   Civil Action No. 13-1559-EGS<br>                                                           )<br>INTERNAL REVENUE SERVICE    )<br>                                                           )<br>             *Defendant*.                      ) | |

## PLAINTIFF'S MOTION FOR STATUS CONFERENCE

Plaintiff Judicial Watch, Inc., by counsel, respectfully moves for the Court to schedule a status conference in this matter.  In light of the recent, startling revelations regarding apparent destruction of IRS records, Plaintiffs request an opportunity to confer with the Court as soon as possible regarding the implications of these developments on the long standing requests for records at issue in this lawsuit.  Pursuant to Local Rule 7(m), undersigned counsel contacted counsel for the Defendant Internal Revenue Service ("IRS") on June 26, 2014.  To date, counsel for the IRS has not responded with IRS' final position on Plaintiff's motion.  As grounds thereof, Plaintiff states as follows:

### MEMORANDUM OF LAW

1. In May 2013, Plaintiff submitted four separate requests under the Freedom of Information Act ("FOIA") for certain records of the IRS.

2. In particular, one of the FOIA requests sought communications specifically of former IRS official Lois Lerner with other IRS employees and with any government or private entity outside the IRS regarding the review and approval process for 501(c)(4) applicant

organizations from January 1, 2010 to the present.  A second request sought communications for the same time frame between IRS and members of U.S. Congress, any other government agencies and any office of the Executive Branch regarding the review process for organizations applying for tax exempt status under 501(c)(4).

3. Because IRS failed to provide final determinations with respect to all four of Plaintiff's FOIA requests within the statutory timeframe, Plaintiff initiated this lawsuit on October 9, 2013.

4. Since that time, IRS claims to have begun searching and has finally begun producing some records on a rolling basis.  To date, IRS has yet to inform Plaintiff if and when it expects to complete its search for and production of non-exempt, responsive records.

5. Since Plaintiff's requests and lawsuit, the Committee on Ways and Means of the U.S. House of Representatives also requested that IRS produce emails, including those of Lois Lerner.  *See* Chairman Camp Letter to IRS Commissioner dated February 24, 2014, attached hereto as Exhibit 1.

6. In an alarming public announcement on June 13, 2014, IRS revealed in an attached email that it had lost an untold number of Lois Lerner's emails between January 1, 2009 and April 11, 2011.  The lost records specifically include responsive emails written to or from Lois Lerner and individuals outside the IRS.  *See* Defendant Letter dated June 13, 2014, attached hereto as Exhibit 2.  According to reports by the Committee, in addition to Lois Lerner's emails, IRS cannot produce records from six other IRS employees involved, who include Nikole Flax, then Chief of Staff to Steve Miller, who was the Deputy Commissioner at the time of the requested records.  *See* U.S. House Committee on Ways and Means Press Release dated June 17, 2014,

attached hereto as Exhibit 3.

7. Plaintiff's FOIA requests and the Committee's request indisputably seek the same emails of Lois Lerner and the other IRS officials, including Nikole Flax, from January 1, 2010 to the present. Despite the obvious relevance, IRS has still not notified the Court or Plaintiff of the destruction of emails and whether the same issues relating to production of emails of Lois Lerner or the other six IRS officials exist in this lawsuit. Plaintiff only learned of the destroyed records on June 13, 2014, when the news media reported on the existence of IRS's letter to Congress about the status of the emails. *See* Exhibit 2.

8. As revealed in the announcement by the Committee, IRS confirmed that it first knew of the lost emails in February 2014. *See* Exhibit 3. This was during the same time frame IRS made its first production of responsive records to Plaintiff in this case on February 26, 2014. *See* IRS' Status Update Report (ECF No. 15). The timing of these events reveals that the discovery of the supposedly lost emails was triggered by this lawsuit. However, IRS has still not informed this Court or Plaintiff regarding the missing emails in this litigation.

9. On April 30, 2014, IRS submitted its Status Update to the Court (ECF No. 15) regarding its ongoing search and production in this case, which was after the discovery of the missing records. Although IRS had knowledge of the missing Lois Lerner emails and of the other IRS officials, it materially omitted any mention of the missing records in its Status Update.

10. IRS' material omission to the Court regarding the missing records or at any point since February 2014 raises serious concerns about the sufficiency of the search, preservation of records and IRS' disclosure of the status of its search. Even to this day, IRS has not explained its actions regarding the lost emails and implications on this lawsuit.

11.     In light of this apparent destruction and IRS' failure to notify this Court of material information, Plaintiff respectfully requests a status conference as soon as possible to discuss IRS's failure to fulfill its duties to this Court under the law, as well as other ramifications of the missing records in this lawsuit.

12.     All counsel are available for a status conference the weeks of July 7, 2014 and July 14, 2014, except on July 8, July 11 and July 14.   Counsel may provide alternate additional, mutually available dates if the Court so requires.

WHEFORE, Plaintiff respectfully moves this Court to schedule a status conference in this matter.

Dated:   June 27, 2014

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Ramona R. Cotca
Ramona R. Cotca, D.C. Bar No. 501159
Judicial Watch, Inc.
425 Third Street, SW, Suite 800
Washington, DC  20024
(202) 646-5172
Attorneys for Plaintiff